In the Matter of the Judicial Settlement of the Account of Proceedings of ROBERT E. BERGMAN, Guardian of GEORGE ROBERT BUNTING, Infant.

EMMA J. BERGMAN, as Administratrix, etc., of ROBERT E. BERGMAN, Deceased, and MARYLAND CASUALTY COMPANY, Appellants, Respondents.

GEORGE ROBERT BUNTING, Objectant, Respondent, Appellant.

In the Matter of the Judicial Settlement of the Account of Proceedings of ROBERT E. BERGMAN, as Executor, etc., of KATHERINE L. BUNTING, Deceased.

EMMA J. BERGMAN, as Administratrix, etc., of ROBERT E. BERGMAN, Deceased, Appellant, Respondent.

GEORGE ROBERT BUNTING, Objectant, Respondent, Appellant.

In the Matter of the Judicial Settlement of the Account of Proceedings of ROBERT E. BERGMAN, as Trustee for GEORGE ROBERT BUNTING, under the Last Will and Testament of HARRY F. L. BUNTING, Deceased.

EMMA J. BERGMAN, as Administratrix, etc., of ROBERT E. BERGMAN, Deceased, Appellant, Respondent.

GEORGE ROBERT BUNTING, Objectant, Respondent, Appellant.

PER CURIAM. On the prior appeal (Matter of Bunting, 261 App. Div. 32; appeal dismissed solely on the ground that the order appealed from was not final, 286 N. Y. 664) this court held that all funds the accountant received either as principal or as income, in any capacity, from the several estates involved should be charged to him as general guardian; that he should receive full credit for sums expended properly for maintenance, investment or expenses; and that he be surcharged with interest compounded annually at six per cent on any funds belonging to the infant's estate that he retained without showing that he had expended such funds for the infant's benefit. That determination is the law of the case and must be adhered to on this appeal.

The total balance of surcharge due before calculating compound interest is $19,132.79. The surety's computation of compound interest in the sum of $29,270.38 is in part erroneous as it failed to calculate compound interest on any balances of additional interest received after 1930 on the ground that only $8,576.65 was allocated as due from the guardianship estate. Petitioner's calculation of compound interest in the sum of $46,198.08 is clearly erroneous. It fails to give any credit for disbursements concededly made as and when they were made. If the accountant is deemed to be charged in the guardianship estate with all receipts as of the date they were received, he should also be credited with expenditures as of the date they were made and compound interest calculated only on balances from year to year to the date of the decree finally determining the liability; viz., April 20, 1940: Without prejudice to their respective claims, the parties have stipulated that the total of compound interest calculated on such basis would be $29,753.53.

For the purpose of calculating the surcharge, the accountant is deemed to be charged in the guardianship with $82,576.01, credited with $63,443.22, leaving a balance of $19,132.79; to which should be added compound interest calculated as above in the sum of $29,753.53, making a total of $48,886.32.

The orders appealed from should be modified in so far as, for the purpose of computing a surcharge, the expenditures are allocated among the three estates, and for such purposes Bergman should be deemed to be surcharged as guardian with the total sum hereinabove set forth, and as so modified, the orders in all other respects should be affirmed, without costs.

Present — Martin, P. J., Glennon, Dore, Cohn and Callahan, JJ.

Orders unanimously modified as indicated in opinion and as so modified affirmed, without costs. Settle order on notice.